LAW OFFICES OF ROBERT S. LEWIS, P.C.
ROBERT S. LEWIS, ESQ.
29 Main Street
Nyack, New York 10960
(845)358-7100
Robert.lewlaw1@gmail.com
*Counsel to Defendant Ron Abraham*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

            RON ABRAHAM,           Chapter 7

                                        Case No. 24-23034(shl)
                       Debtor,

                                        **ANSWER**
-------------------------------------------------------------X
WILLIAM LAUN,

                     Plaintiff,

          -against-                      Adv. Pro. No. 25-07002(shl)

RON ABRAHAM,

                     Defendant.
-------------------------------------------------------------X

    Defendant, **RON ABRAHAM**, appearing by and through his attorney, **ROBERT S. LEWIS**, as and for his Answer to the Adversary Complaint, states and alleges as follows:

    1.    Defendant denies each and every allegation set forth in those paragraphs of the complaint designated "10", "16", "27", "28", "29", "33", "34", "41", "59", "60", "63", "64", "66", "67", "68", "70", "71", "73", "74", "76", and "77".

2. Defendants deny having any knowledge or information sufficient to form a belief as to the truth of those allegations set forth in those paragraphs of the Complaint designated "36", "37", and "40".

3. Defendants deny having any knowledge or information sufficient to form a belief as to the truth of those allegations set forth in those paragraphs of the Complaint designated "8", "9", "11", "12", "13", "14", "23", "25", "32", "35", "36", "38", "39", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54","55", "56", "57", "and "58", "and respectfully refers the Court to the documents or the transcript of the testimony (as the case may be) referred to therein.

4. Defendant denies that the assertions relating to his income derived from the Ferrari Dealership is false as alleged in ¶ "20" of the Complaint.

5. As to par. 61 of the Complaint, to the extent the defendant was indebted to the Plaintiff, said debt was incurred well prior to execution of the alleged Settlement Agreement on November 22, 2024.

## AS AND FOR A FIRST AFFIRMATIVE DDEFENSE

6. Defendant repeats, reiterates, and realleges each and every allegation set forth in those paragraphs of the Answer designated "1" through "5" above as if fully set forth below at length.

7. To the extent that the Plaintiff may prevail on any 523(a) claims, the Plaintiff is precluded from thereafter pursuing any claims under 727(a)(4)(A) of the Code.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. Defendant repeats, reiterates, and realleges each and every allegation set forth in those paragraphs of the Answer designated "1" through "7" above as if fully set forth below at length.

9. To the extent that the Complaint alleges "fraud" or "actual fraud", the Complaint fails to allege such fraud" or "actual fraud", with the particularity required by FRBP 7009 and CPLR § 3016.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. Defendant repeats, reiterates, and realleges each and every allegation set forth in those paragraphs of the Answer designated "1" through "9" above as if fully set forth below at length.

11. If the alleged Settlement Agreement was executed as alleged by the Plaintiff, such execution by the Defendant was the result of coercion and/or duress exerted by the Plaintiff upon the Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. Defendant repeats, reiterates, and realleges each and every allegation set forth in those paragraphs of the Answer designated "1" through "11" above as if fully set forth below at length.

13. Plaintiff has repeatedly violated the automatic stay as imposed by § 362 of the Code, in requesting payment or the equivalent of payment with respect to an alleged debt.

14. Plaintiff has exercised coercion and duress in forcing the Defendant to execute the Settlement Agreement.

15. Plaintiff comes before this court with "unclean hands".

**WHEREFORE,** defendant respectfully prays for judgment in his favor dismissing the Adversary Complaint in its entirety, together with the costs, disbursements and counsel fees incurred by the Defendant herein, and such other and further relief as the Court may deem just and proper.

Dated: March 21, 2025
       Nyack, New York

       /s/ Robert S. Lewis
       ROBERT S. LEWIS
       *Attorney for Defendant*
       29 Main St.
       Nyack, New York 10960
       (845)358-7100
       Robert.lewlaw1@gmail.com

TO:  H. BRUCE BRONSON, ESQ.
     *Attorney for Plaintiff*
     Bronson Law Offices P.C.
     480 Mamaroneck Ave.
     Harrison, New York 10528-0023